# IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

SUE LINTON

## FILED

**PLAINTIFF**

VS.

JUN 2 3 2021

CAUSE NO.: _21-CV-082(cw)_

SAM'S WEST, INC.;
SAM'S EAST, INC; AND
JOHN DOES 1-10

*Dona Gail Gibson*
CIRCUIT CLERK

**DEFENDANT(S)**

## COMPLAINT
## (JURY TRIAL REQUESTED)

**COMES NOW**, the Plaintiff, Sue Linton, (hereinafter "Plaintiff") by and through her

counsel of record, and hereby files this Complaint against Sam's West, Inc. and Sam's East, Inc,

and John Does 1-10 (sometimes herein referred to as "Defendant" and/or "Sam's Club"), and in

support thereof states as follows:

### I.   PARTIES

1.     The Plaintiff is an adult resident citizen of Lauderdale County, Mississippi, and

presently resides at 5091 S L Wilson Road, Meridian, Mississippi 39301.

2.     The Defendant, Sam's West, Inc., is a Profit Corporation incorporated in the State

of Arkansas, and doing business in the State of Mississippi, whose agent for service of process is

C.T. Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi

39232 or wherever they may be found.

3.     The Defendant, Sam's East, Inc., is a Profit Corporation incorporated in the State

of Arkansas, and doing business in the State of Mississippi, whose agent for service of process is

C.T. Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi

39232.

4.     Defendants, John Does 1-10, are other Defendants whose names, whereabouts,

and/or involvement are at this time unknown to the plaintiff but who may be added at a later

date. John Does 1-10 include owners, operators, managers, and all other entities, corporate

## EXHIBIT A

and/or individuals of the Defendant Sam's West, Inc and Sam's East, Inc., and/or other persons,

entities, and/or corporations that were in some manner negligently and proximately responsible

for the events and happening alleged in this Complaint and for Plaintiff's injuries and damages.

## II. JURISDICTION AND VENUE

5.      This Court has jurisdiction of the parties and the subject matter of this action.

Venue is proper as this civil action arises out of negligence acts and omissions committed in

Lauderdale County, Mississippi, and the cause of action occurred and/or accrued in Lauderdale

County, Mississippi.

## III. FACTS

6.      The Plaintiff adopts and herein incorporates by reference every allegation as set

forth above.

7.      At all times mentioned in this Complaint, the Defendant managed, leased, owned

and/or operated the store located at 715 Bonita Drive, Meridian, Mississippi 39301.

8.      At all times mentioned in this Complaint, the Defendant invited the general

public, including the Plaintiff, to enter the Defendant's grocery store located at 715 Bonita Drive,

Meridian, Mississippi 39301 for reasons mutually advantageous to both the Defendant and

Plaintiff.

9.      On or about July 18, 2019, Plaintiff, Sue Linton, was throwing trash away on the

property of the Defendant's store located within the geographical boundaries of Lauderdale

County, Mississippi, located at 715 Bonita Drive, Meridian, Mississippi 39301, when suddenly

and without warning she slipped and fell in an unknown food like substance, with no warnings of

same, causing Plaintiff to sustain injuries including but not limited to her back, neck, and

shoulder.

## COUNT 1- CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, SAM'S WEST, INC., AND SAM'S EAST, INC.

10. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

11. At said time and place, Defendant, as owner and/or operator of the store, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on the premises, and to correct any such dangerous conditions.

12. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the café floors, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b) Negligently creating a slip and fall hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the back cafes flooring, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing said cafe area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the floor, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)      Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors for dangerous conditions;

g)      Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendant's premises flooring for dangerous conditions;

h)      Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)      Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was not given to guests at the premises;

j)      Negligently failing to have adequate policies in place to identify and correct dangerous conditions created by food on the floor without any warnings to Plaintiff, that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

k)      Negligently failing to act reasonably under the circumstances;

l)      Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

m)      Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

n)      Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

o)      Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

p)      Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

q)      Negligently selecting and/or utilizing flooring that failed to tolerate food like substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

## COUNT II- CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDNAT, SAM'S WEST, INC., AND SAM'S EAST, INC.

13.    Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through eleven (11) as if fully set forth herein.

14.    At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a)    Negligently failing to maintain or adequately maintain the cafe floors, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b)    Negligently creating a slip and fall hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c)    Negligently failing to inspect or adequately inspect the cafes flooring, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing the café area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the floor, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   e)    Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

   f)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors for dangerous conditions;

   g)    Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendant's premises flooring for dangerous conditions;

h)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)    Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)    Negligently failing to have adequate policies in place to identify and correct dangerous conditions created by a food like substance on the floor without any warnings to Plaintiff, that were not timely identified by Defendant's employees and corrected/remedied or for which notice was not given to guests at the premises;

k)    Negligently failing to act reasonably under the circumstances;

l)    Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

m)    Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

n)    Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

o)    Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

p)    Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

q)    Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

15.    At said time and place, Defendant owned, controlled, and/or possessed the business premises.

16.     At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

17.     Further, Defendant was negligent through the actions and inactions of it agents, representatives, and/or employees. The negligence of the Defendant includes, but is not necessarily limited to, the following:

    a)   Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including food on the floor;

    b)   Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including food on the floor;

    c)   Failure to comply with industry standards/regulations and the law of the State of Mississippi; and

    d)   Other acts of negligence to be shown at the trial of this cause.

18.     As a result of Defendants' negligence, Plaintiff was shopping on the premises when suddenly and without warning she slipped and fell in a food like substance, with no warnings of same, causing Plaintiff to sustain injuries including but not limited to her neck, back, and shoulders.

19.     Defendant's breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

    a.   past, present, and future physical pain and suffering;

    b.   past, present, and future medical expenses;

    c.   past, present, and future loss of enjoyment of life;

    d.   past, present and future mental and emotional pain and suffering;

    e.   permanent physical restrictions, limitations, and/or disability;

    f.   loss of earning;

    g.   loss of the ability to earn money;

h.   aggravation of pre-existing condition; and

i.   any other damages allowed by Mississippi law.

### PRAYER OF RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Sue Linton, requests a trial by jury and demands damages including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; and any other special damages that may be incurred by the Plaintiff, together with attorney fees, costs of suit and any further relief as the Court may deem proper.

RESPECTFULLY SUBMITTED, this the 18th day of June, 2021.

SUE LINTON, PLAINTIFF

BY: MARTIN R. JELLIFFE, Esq.

OF COUNSEL:

MORGAN & MORGAN, PLLC
MARTIN R. JELLIFFE (MSB# 3067)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 503-1676
Facsimile: (601) 503-1625
Email: mjelliffe@forthepeople.com